UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY POUND,
on behalf of his children,

    Petitioner,

v.                                           CASE NO: 8:07-cv-1708-T-23TBM

THOMAS M. GALLEN,

    Respondent.
_____/

**ORDER**

Gregory Pound (the "petitioner"), proceeding pro se, files (Doc. 4) an amended[1] "Writ of Habeas Corpus Ad Subjiciendum" pursuant to 28 U.S.C. § 2254 seeking an order (1) returning four of the petitioner's children, who are allegedly in the custody of the children's maternal grandparents pursuant to the orders of Judges Marion Fleming, Ray Ulmer, Robert Beach, and Thomas Gallen of the Pinellas County Circuit Court and (2) staying a state court hearing regarding the termination of the petitioner's parental rights scheduled for September 24, 2007. The petitioner's amended "Writ of Habeas Corpus" (Doc. 4) is construed as a petition for a writ of habeas corpus.

The petition apparently arises from proceedings beginning in August, 2004, in the Pinellas County Court that resulted in the transfer of legal custody of four of the petitioner's

---

[1] Because the petitioner's original "Writ of Habeas Corpus" (Doc. 1), filed on September 21, 2007, violated local rules by including the full names of minor children, the Clerk instructed the petitioner to re-file the petition using only the children's initials. On October 16, 2007, the petitioner filed (Doc. 3) a "Mandatory Judicial Notice to Judge arising under Article III of Writ of Habeas Corpus Ad Subjiciendum According to the Course of the Common Law Arising under Article I Section 9 of the Constitution of the United States." This filing was apparently intended to remind the court that, as the petitioner believes, 28 U.S.C. § 2243 requires the court to grant the relief requested within three days. But see 28 U.S.C. § 2243 (providing that, if the court awards the writ of habeas corpus or issues an order directing the respondent to show cause why the writ should not be granted, the respondent's answer or "return" must be filed within three days, unless additional time, not exceeding twenty days, is allowed for good cause).

children to their maternal grandparents, case no. 04-0043DPANO, and that resulted on March 9, 2006, in the transfer of legal custody of a fifth child to the maternal grandparents, case no. 06-00228DPANO.  Although rambling[2] and occasionally unintelligible, if liberally construed the petition alleges that the state court custody proceedings violated federal law because (a) the judges in the state court proceedings are not "independent" as required by the Due Process Clause of the Fourteenth Amendment[3] because they had a financial interest in the outcome of the matter (owing to certain agreements between the Florida Department of Revenue and the Clerk of the Circuit Court in its capacity as the local child support depository and relating to administration of Title IV-D of the Social Security Act), (b) the state court judges failed to comply with 4 U.S.C. § 101 (requiring every "judicial officer of a State" to swear to support the Constitution of the United States before he proceeds to execute his duties) and 4 U.S.C. § 102 (governing the manner in which the oath is to be administered and recorded) and the orders they issued in the custody proceedings are therefore "null and void"; and (c) the state court judges denied the petitioner's demand for a trial by jury in the custody proceeding, refused to allow him to obtain discovery and introduce evidence that his children were kidnapped by employees of the Florida Department of Children and Families, and for a time prevented his proceeding pro se.  The petition also alleges generally that the petitioner's children "have been kidnapped by [Judge] Gallen and other employees of the STATE OF FLORIDA . . ." (emphasis in original).

---

[2]  The petition consists for the most part of apparently irrelevant dissertations on such subjects as the difference between territorial courts and Article III courts, the authoritativeness of the reviser's notes as a source for interpreting the United States Code, and the propriety of judicial notice of public acts.

[3]  The petitioner apparently also alleges that the state court judges' lack of independence violates Article III of the United States Constitution.  See Doc. 4 at 3 (citing United States v. Hatter, 532 U.S. 557 (2001)). Of course, Article III imposes no restrictions on the qualifications of state court judges.


Because 28 U.S.C. § 2254 "does not confer federal court jurisdiction' over challenges to state court child custody proceedings," Staley v. Ledbetter, 837 F.2d 1016, 1018 n.3 (11th Cir. 1988) (citation omitted); Lehman v. Lycoming Co. Children's Servs., 458 U.S. 502, 511 (1982) ("[F]ederal habeas has never been available to challenge parental rights or child custody."),[4] the petitioner's amended petition (Doc. 4) for a writ of habeas corpus is **DENIED**.[5]  The Clerk shall ENTER JUDGMENT against the plaintiff, TERMINATE any pending motion, and CLOSE the file.

ORDERED in Tampa, Florida, on October 29, 2007.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, to the extent the petitioner seeks to appeal the state court's custody determination, the appeal is barred in this court. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521 (2005); see also Ledbetter, 837 F.2d at 1018 ("[T]he district court in this case lacked jurisdiction to hear a sec. 1983 claim that in essence sought to reverse a state court's child custody determination."); Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1333 (11th Cir. 2001) (If the relief sought is "an injunction preventing enforcement of [a] state court judgment and returning custody to the aggrieved parent," "[t]hat is an easy case for application of the Rooker-Feldman doctrine."). Further, under Younger v. Harris, 401 U.S. 37 (1971) and its progeny, a district court generally cannot "interfere with ongoing child custody proceedings." Liedel v. Juvenile Court of Madison Cty., Ala., 891 F.2d 1542, 1546 (11th Cir. 1990). Moreover, the petitioner cannot state a claim under 4 U.S.C. §§ 101-102. See Taylor v. Spaziano, 2007 WL 1064297, *1 (M.D. Fla. Apr. 4, 2007) (4 U.S.C. § 101 "does not provide a private right of action against anyone who failed to take the oath or violated it after taking it"); 31 Foster Children v. Bush, 329 F.3d 1255, 1268 (11th Cir. 2003) ("In order to have a viable cause of action under [42 U.S.C.] § 1983 based on the violation of a federal statute . . . a plaintiff must establish that the statute allegedly violated gives the plaintiff enforceable rights"); Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (rejecting the argument that "anything short of an unambiguously conferred right [can] support a cause of action brought under § 1983"); 4 U.S.C. §§ 101-102. Even if such a cause of action existed, the claim as to Judge Gallen would have to be dismissed because according to the allegations in the petition, Judge Gallen subscribed the required oath. See Doc. 4-2 at 28-29 (October 19, 2007, "Affidavit of Probable Cause" of Bob Hurt) (alleging that the Florida Office of State Courts Administrator informed Mr. Hurt that its documents confirm that Judge Gallen subscribed the oath of loyalty on November 26, 1984). Finally, the petitioner's request for a stay of the September 24, 2007, state court hearing is moot.

[5] Although a pleading drafted by a pro se party is interpreted under less stringent standards than a pleading drafted by an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "[e]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).